UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JOHN HILL,

        Plaintiff,

  v.                                                    Civil Action 2:19-cv-1242
                                                         Judge Michael H. Watson
                                                         Magistrate Judge Chelsey M. Vascura

T.B.D.B.I.T.L. ALUMNI GROUP, *et al.*,

        Defendants.


## ORDER and REPORT AND RECOMMENDATION

      Plaintiff, John Hill, who is proceeding without the assistance of counsel, brings this action against The Ohio State University Marching Band; The T.B.D.B.I.T.L. Alumni Group and its attorney Eric Alden; and John and Jane Does, alleging infringements of his copyrights in violation of his rights under 17 U.S.C. § 106A. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, which is **GRANTED**. (ECF No. 1.) Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid.

      This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow,

it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*    \*    \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

According to the Complaint, Plaintiff possesses several copyrights of the "OSU Marching Band Uniform Design," and he copyrighted versions of the OSU band's uniform between 1986-

3

2000. (Comp., ECF No. 1-1 at PAGEID # 4-5.) Plaintiff alleges that Defendant John or Jane Doe of the T.B.D.B.I.T.L. Alumni Group posted infringing images on its Facebook account in April 2016. He further alleges that he informed Defendant Alden, the T.B.D.B.I.T.L. Alumni Group's attorney, of the infringement and that the T.B.D.B.I.T.L. Alumni Group has denied him the right to claim authorship of his work and has continued to post "illegal and distorted modification of [his] work on [its] Facebook page." (*Id*. at PAGEID ## 10-11.) Plaintiff maintains that Defendants' actions violate his rights under 17 U.S.C. § 106A, and he seeks monetary and injunctive relief.

### III.

Plaintiff has failed to state a claim on which relief may be granted. The undersigned notes that Plaintiff has raised similar claims in the past, all of which have been dismissed. *See, e.g.*, *Hill v. Ohio State Univ. T & L*, No. 2:12-cv-984, 2013 WL 2354065 (S.D. Ohio May 29, 2013); *Hill v. Ohio State Univ. T & L*, No. 2:12-cv-984, 2013 WL 2295881 (S.D. Ohio May 24, 2013), *aff'd* No. 13-3706 (6th Cir. Feb. 19, 2014); *Hill v. Ohio State Univ. Marching Band*, No. 2015-00809, 2016 WL 641157 (Ohio Ct. Cl. Feb. 9, 2016); *John Hill v. Jon Waters*, Case No. 2:17-cv-532, at ECF No. 57 (S.D. Ohio Feb. 2, 2018), *aff'd*, No. 18-3208 (6th Cir. Mar. 4, 2019). The instant action was filed less than a month after the United States Court of Appeals for the Sixth Circuit affirmed the trial court's dismissal of *John Hill v. Jon Waters*, Case No. 2:17-cv-532 (the "532 Case").

In the 532 Case, as in the instant action, Plaintiff sued The Ohio State University Marching Band and other defendants, alleging that these defendants had infringed on various copyrights he possessed for uniforms worn by the OSU marching band by posting his designs on the defendants' various websites. In affirming the trial court's dismissal of Plaintiff's action for failure to state a claim, the Sixth Circuit explained as follows:

4

> To state a claim for copyright infringement under § 106, a plaintiff must allege that he owns a valid copyright and that the defendant copied "constituent elements of the work that are original." *See Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004). "The first prong tests the originality and non-functionality of the work, both of which are presumptively established by the copyright registration," while "[t]he second prong tests whether any copying occurred . . . and whether the portions of the work copied were entitled to copyright protection." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004) (citation omitted).
>
> The district court correctly concluded that the complaint does not identify any protected element in Hill's work that was copied by a defendant, other than that his designs and the defendants' designs both depict the Marching Band's uniforms. Hill asserts that the Marching Band's designs infringe on his designs, but he fails to specify which elements of his works were original or protected, or how the defendants impermissibly copied those protected elements. Hill's assertion is simply a legal conclusion insufficient to support his claim. *See Iqbal*, 556 U.S. at 678. Moreover, Hill acknowledged that the Marching Band's uniform designs have existed and been in use since the 1950s, but he claimed that he is entitled to compensation for their use because he was the first person to copyright them. This assertion fails because any copyright in the uniform designs initially vested in the authors of those designs, *see* 17 U.S.C. §§ 201, 408(a), and Hill does not allege to have designed the uniforms in the 1950s or specified which parts of his designs are not based on the uniforms or are original to him. Because Hill failed to state a claim for direct copyright infringement, he also failed to state a claim for vicarious or contributory infringement on the part of any other defendant. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).
>
> Hill also alleged a violation of his rights under 17 U.S.C. § 106A, but that section applies only to authors of a "work of visual art." That term is explicitly defined as "a painting, drawing, print, or sculpture, existing in a single copy, in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author." 17 U.S.C. § 101. Hill did not allege any facts demonstrating that his works meet this definition. Further, Hill did not allege any facts demonstrating that any defendant "use[d Hill's] name as the author of any work of visual art which [Hill] did not create," "use[d Hill's name] as the author of the work of visual art in the event of a distortion, mutilation, or other modification of the work which would be prejudicial to [Hill's] honor or reputation," "intentional[ly] distort[ed], mutilate[ed] or other[wise] modifi[ed Hill's] work which would be prejudicial to [Hill's] honor or reputation," or "destr[oyed] a work of recognized stature." 17 U.S.C. § 106A(a)(1)-(3).

*John Hill v. Jon Waters*, Case, No. 18-3208 at *4-5 (6th Cir. Mar. 4, 2019).

Plaintiff's instant claims of copyright infringement fail for the *same reasons* the Sixth Circuit articulated in *Hill v. Waters*. Because Plaintiff's Complaint fails to include plausible allegations sufficient to assert state a claim for copyright infringement and/or a violation under § 106A, it is **RECOMMENDED** that the Court **DISMISS** this action for failure state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV.**

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action for failure state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

                                                        /s/ *Chelsey M. Vascura*
                                                        CHELSEY M. VASCURA
                                                        UNITED STATES MAGISTRATE JUDGE